**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Maria Luisa Iglesias De Castro,
Maria Irene Castro Iglesias,
Maria de la Concepcion Castro Iglesias
and Maria Luisa Castro Iglesias,

Case No. 18-cv-1449 (DWF/ECW)

Plaintiffs,

v.

**ORDER**

Maria Regina Castro and
Pedro Jose Caraballo,

Defendants.

This case is before the Court on Defendants' letter requesting permission to file a motion to reconsider paragraph 3 of the Court's October 10, 2019 Informal Dispute Resolution ("IDR") Order. (Dkt. 51.) Paragraph 3 of the October 10 Order re-designated monthly account statements, records of electronic transfers and withdrawals, and cancelled checks produced by Defendants from Attorneys' Eyes Only ("AEO") to Confidential, subject to certain additional restrictions on the disclosure of the re-designated documents to Plaintiffs. (Dkt. 50 ¶ 3.) Plaintiffs filed a response to Defendants' letter on October 14, 2019. (Dkt. 52.)

Requests to file motions to reconsider are granted "only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(j). A motion to reconsider should not be employed "to relitigate old issues," but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*,

838 F. Supp. 1346, 1348 (D. Minn. 1993) (internal quotation marks omitted). Indeed, "'[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Munro v. Lucy Activewear, Inc.,* No. 016CV00079JRTKMM, 2018 WL 4094845, at *2 (D. Minn. Aug. 28, 2018 (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). Here, for the reasons stated below, Defendants have not made a showing of compelling circumstances.

Plaintiffs in this case are a mother ("Maria Luisa") and her three daughters. (Dkt. 1 ¶ 13.) Plaintiffs allege claims for civil theft, conversion, and unjust enrichment to recover monies allegedly stolen from them by family members. (*Id.* ¶¶ 64-80.) Plaintiffs claim that after Maria Luisa's husband died in 1991, his brother engaged in a secretive, multi-year scheme with Defendants to steal and misappropriate both Maria Luisa's share of profits from an ongoing partnership business and the money her husband left for Maria Luisa and her daughters. (*Id.* ¶ 37.) Defendants deny these allegations. (Dkt. 30.)

In April 2019, the parties jointly requested resolution of a dispute involving Defendants' designation of their financial records as AEO through the Court's IDR process. (*See* Dkt. 37.) The Court held the IDR hearing on April 22, 2019, and on the same day ordered as follows:

1. Plaintiffs' request that the Court remove Defendants' blanket AEO designations of financial documents produced by Defendants and third-party bank records and require Defendants to seek Court approval in the future for use of the AEO designation is **DENIED**.

2. Defendants shall review the financial documents they intend to produce and shall identify for Plaintiffs, to the extent possible, those relating to the transactions identified in Plaintiffs' Complaint and Exs. A & B to the Complaint.

2

3. To the extent Defendants seek to designate the financial documents they intend to produce and the third-party bank records as AEO (rather than Confidential), Defendants shall review those documents to determine if they are in fact entitled to an AEO designation and shall designate them based on that review.

4. Plaintiffs may request that specific documents or categories of documents be re-designated Confidential rather than AEO, and Defendants shall work with Plaintiffs in good faith in determining if the documents can be re-designated to Confidential. If the parties are not able to reach agreement as to certain documents or categories of documents, Plaintiffs may seek relief from the Court.

(Dkt. 39.)

During a follow-up hearing on June 19, 2019, the Court ordered Defendants to provide dates for the re-productions required by Paragraphs 2 and 3 and required Defendants to re-produce "each document as a complete document with the correct confidentiality designation on each page." (Dkt. 41.)

On September 30, 2019, the parties sent a joint request to the undersigned's chambers requesting an IDR hearing regarding a dispute over amendment of the Pretrial Scheduling Order, based in part on an apparently still-ongoing dispute over Defendants' AEO designations. The parties filed letters setting forth their respective positions as to amendment of the Pretrial Scheduling Order and the AEO designations on October 7, 2019. (Dkts. 46, 47.) Plaintiffs contended that about 9,000 pages of documents were improperly designated as AEO and identified two categories of documents (monthly account statements and cancelled checks, including those written by or to Maria Luisa's deceased husband's brother) as examples supporting that contention. (Dkt. 46 at 3-4.) Defendants contended that Plaintiffs were again seeking "blanket re-designation of all

financial documents" and that Plaintiffs' request was "essentially seeking a reconsideration of the Court's [April 22] Order" and required a formal motion for reconsideration. (Dkt. 47 at 4-5.)

The Court held the IDR hearing on October 9, 2019. During the hearing, Defendants' counsel identified a receipt for breakfast cereal from the 1990s and a document showing how much was paid for a daughter's college apartment as examples of documents produced by Defendants that were currently designated as AEO. Defendants' counsel also stated that Defendants had used the AEO designation on documents that some would consider "mundane" because they had nothing to do with this lawsuit. Defendants did not provide the Court with any case where personal financial records of the type at issue here were designated AEO. Defendants did not provide any explanation why the categories of documents identified by Plaintiffs in their October 7 letter were entitled to an AEO designation. Instead, Defendants argued that this issue was controlled by the April 22 Order and that Plaintiffs should have sought reconsideration. During the October 9 IDR hearing, the Court found that Plaintiffs did not need to seek reconsideration of the April 22 Order because Defendants had not complied with the Court's directions in that Order, specifically the direction that: "To the extent Defendants seek to designate the financial documents they intend to produce and the third-party bank records as AEO (rather than Confidential), **Defendants shall review those documents to determine if they are in fact entitled to an AEO designation and shall designate them based on that review**." (Dkt. 39 ¶ 3 (emphasis added).) The Court also noted that Defendants' own description of the documents during the hearing confirmed that they

4

were not entitled to AEO protection. On October 10, 2019, the Court issued its Order granting in part Plaintiffs' motion to downward designate the financial documents to Confidential and setting several limitations on how the re-designated documents could be disclosed and used. (Dkt. 50 ¶ 3.)

In their October 11 reconsideration request, Defendants state that the April 22 Order entitled them to designate bank statements, electronic transfer, withdrawal records, and cancelled checks, along with other documents, as AEO if there was a good faith basis for doing so. (Dkt. 51 at 1.) Defendants contend that they "have been operating under the understanding that bank account statements and other financial documents would be designated as AEO." (*Id.* at 2.) Defendants also contend that they "never expected that the ability to designate financial documents and bank records as AEO as set forth in the April 22 Order would be reconsidered at the October 9 hearing" and that "the October 10 Order materially changes the April 22 Order." (*Id.*)

A review of the legal principles relating to protective orders appears appropriate at this time.[1] As a starting point, "good cause" is required for entry of a protective order. *See* Fed. R. Civ. P. 26(c). The burden is on the party seeking protection to show the "good cause" required for issuance of the protective order. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Consistent with that rule, the Protective Order in this case states that the burden of showing that a document is entitled to a confidential designation falls upon the party who designated the document as

---

[1] The Court does not address relevance or proportionality as Defendants waived any objections on those grounds by producing the documents.

confidential. (*See* Dkt. 36 ¶ 7(c).) "To make this showing [of good cause], the moving party cannot rely on broad or conclusory allegations of harm." *Northbrook Digital, LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 757 (D. Minn. 2008) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). Finally, an AEO designation is "not commonplace in litigation." *Taiyo Int'l, Inc. v. Phyto Tech Corp.*, 275 F.R.D. 497, 502 (D. Minn. 2011). That is because using an AEO designation "results in a situation where, at least until trial, the opposing party itself cannot see the most crucial evidence in the case." *Id.* (footnote omitted)). Accordingly, an AEO designation should be limited to "a party's most secret information." *See id.*

Having set forth those principles, the Court turns to Defendants' specific arguments. First, Defendants' contention that they "never expected" that the question of their AEO designation would be "reconsidered" during the October 9 hearing is not persuasive. Defendants addressed the AEO designations in their October 7 letter and plainly knew it would be raised during the October 9 hearing. Indeed, Defendants argued that Plaintiffs should have sought reconsideration during the October 9 hearing, and the Court explained that seeking reconsideration was not necessary because Defendants had not complied with the April 22 Order. Second, while the April 22 Order denied Plaintiffs' request to wholesale re-designate every AEO document as Confidential, nothing in that Order relieved Defendants of their burdens under Rule 26(c) and the Protective Order to show that documents designated as AEO were actually entitled to that designation. Third, if Defendants had been operating under the understanding that bank account statements and other documents would be designated as AEO, they were

6

operating under a misunderstanding. While the April 22 Order permitted the designation of financial documents and bank records as AEO "if they are in fact entitled to an AEO designation" (Dkt. 39 ¶ 3), the Order did not state that <u>all</u> financial documents and bank records were entitled to an AEO designation. The Court does not question whether Defendants reviewed each document, but it is apparent from the October 9 hearing that Defendants have designated documents as AEO because Defendants believed they were irrelevant or believed that Plaintiffs had no reason to see the information they contained, not because the documents were so sensitive that they required the highest level of protection permitted under the Protective Order. Finally, the October 10 Order did not change the April 22 Order. Rather, as stated during the hearing, the Court found that Defendants did not comply with the April 22 Order because Defendants did not determine whether the documents at issue were in fact entitled to an AEO designation.

The Court makes two additional points. First, Defendants have not cited any case where an AEO designation was found appropriate for these types of personal financial records. In their letter requesting reconsideration, Defendants cited *Buchl v. Gascoyne Materials Handling & Recycling, LLC*, 2019 WL 2603081, Case No. 1:17-cv-048 (D.N.D. June 25, 2019), as a case they would have referenced "[i]f Defendants knew Plaintiffs were seeking reconsideration of the April 22 Order." (Dkt. 51 at 2.) As explained above, Defendants knew their AEO designations would be at issue during the October 9 hearing, and in fact addressed these designations in their October 7 letter. (Dkt. 47 at 4-5.) There is no reason why *Buchl* could not have been cited by Defendants

7

before the October 9 hearing.[2] In contrast, Plaintiffs' October 7 letter cites several cases in support of their positions that (1) the AEO designations were inhibiting Plaintiffs' ability to litigate their case and (2) financial information and bank records are not entitled to an AEO designation. (Dkt. 46 at 2-4.)

Second, Defendants still have not identified any document that contains such sensitive information that they would be harmed if the document is designated Confidential rather than AEO. Defendants previously expressed concerns about identity theft and now describe Plaintiffs as "foreign nationals with a vendetta" against Defendants. (Dkt. 51 at 2.) Notwithstanding the fact that these allegations of harm are largely conclusory and therefore do not satisfy the "good cause" standard, *Northbrook Digital*, 625 F. Supp. 2d at 757, the Court addressed these concerns by permitting redactions of account numbers, PINs, and other identifiers from the documents, limiting access to the re-designated documents to a single Plaintiff ("Identified Plaintiff") and giving Defendants five days to make new objections to the Identified Plaintiff, requiring the Identified Plaintiff to execute a declaration regarding her obligations under the Protective Order and to submit herself to the continuing jurisdiction of the Court with respect to the Protective Order and the October 10 Order, and holding counsel for Plaintiffs responsible as an officer of the court for the Identified Plaintiff's compliance. (Dkt. 50 ¶ 3.) It should be perfectly clear to the Identified Plaintiff and her attorneys that

---

[2] The Court also notes that *Buchl* involves business financial records in a business dispute between competitors or former competitors, not a dispute between family members. 2019 WL 2603081, at *3.

8

the Court will hold them accountable for any violation of the Protective Order or the October 10 Order.  Defendants have not explained why these restrictions do not adequately address their concerns.

In sum, having fully considered Defendants' arguments, the Court concludes that Defendants have failed to demonstrate the "extraordinary circumstances" necessary to warrant reconsideration.

Accordingly, **IT IS ORDERED** that Defendants' letter request for permission to file a motion to reconsider paragraph 3 of the October 10, 2019 IDR Order is **DENIED**.

Date:   October 16, 2019

*s/ Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge