UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria Luisa Iglesias De Castro, Maria Irene Castro Iglesias, Maria de la Concepcion Castro Iglesias, and Maria Luisa Castro Iglesias, <br><br>    Plaintiffs, <br><br>v. <br><br>Maria Regina Castro, and Pedro Jose Caraballo <br><br>    Defendants. | Civil No. 18-1449 (DWF/ECW) <br><br><br>**MEMORANDUM OPINION AND ORDER** |

Gerald H. Fornwald, Esq., Winthrop & Weinstine, counsel for Plaintiffs.

Ken D. Schueler, Esq., Brenda Benitez, Esq., and Dustin Collen Jones, Esq., Dunlap & Seeger, P.A., counsel for Defendants.

# INTRODUCTION

This matter is before the Court on Plaintiffs Maria Luisa Iglesias De Castro, Maria Irene Castro Iglesias, Maria de la Concepcion Castro, and Maria Luisa Castro Iglesias's (collectively, "Plaintiffs") Motion to Voluntarily Dismiss Complaint with Prejudice pursuant to Fed. R. Civ. P. 41(a)(1). (Doc. No. 82 ("Motion").) Defendants Maria Regina Castro and Pedro Jose Castro (collectively, "Defendants") oppose the Motion unless the Court conditions the voluntary dismissal on payment of Defendants' attorney fees, costs, and disbursements. (Doc. No. 94 ("Def. Opp.").) For the reasons set forth below, the Court grants Plaintiffs' Motion without conditions.

## BACKGROUND

The factual background of the above-entitled matter is clearly and concisely set forth in the Court's November 16, 2018 Order denying Defendants' motion to dismiss and is incorporated by reference herein. (*See* Doc. No. 28.) Briefly, in May 2018, Plaintiffs sued Defendants, who are their relatives, for civil theft, conversion, and unjust enrichment to recover monies allegedly stolen from them.[1] (*See generally* Doc. No. 1 ("Compl.").)

Defendants moved to dismiss Plaintiffs' claims in July 2018. (Doc. No. 9.) The Court denied Defendants' motion in November 2018. (Doc. No. 28.) The parties commenced written discovery in early 2019; however, a variety of disputes impeded the process. (*See* Doc. No. 78.) In early 2020, the COVID-19 pandemic further impacted the proceedings.[2] (*Id.*) In January 2021, Magistrate Judge Elizabeth Cowan Wright ordered that the parties complete fact discovery by March 31, 2021.[3] (*Id.*)

On March 3, 2021, prior to their depositions, Plaintiffs sought to voluntarily dismiss their Complaint with prejudice. (Doc. No. 85 ¶ 10.) This action followed. Plaintiffs assert that "[a]fter nearly three years of litigation, the last year of which has languished due to Defendants' demands that Plaintiffs travel to the United States for their

---

[1]  The parties are involved in a separate lawsuit in Spain ("Spanish Lawsuit"). (*See* Doc. Nos. 96 ¶ 7; Doc. No. 92 ¶ 18.)

[2]  Three of the Plaintiffs live in Spain and the Fourth lives in Venezuela. (Doc. No. 78 at 2.) Defendants sought to depose Plaintiffs in person. (*Id.* at 5-6.)

[3]  Magistrate Judge Wright also ordered that Defendants could depose Plaintiffs by videoconference. (*Id.* at 13-15.)

depositions during a global pandemic, Plaintiffs are mentally, emotionally, and financially exhausted . . . and are willing to walk away from their claims rather than pursue them further." (Doc. No. 84 ("Pl. Memo.") at 1-2.)

## DISCUSSION

Plaintiffs ask the Court to dismiss their Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants oppose Plaintiffs' request for voluntary dismissal with prejudice unless dismissal is contingent on payment of Defendants' fees, costs, and disbursements.[4]

**I.      Rule 41**

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A court is not required to dismiss a claim upon request. Instead, the Eighth Circuit has instructed courts to take a variety of factors into account: "a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (citing *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). Furthermore, "it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Id.* at 1214

---

[4]      While Defendants assert that they oppose Plaintiffs' Motion only if the Court declines to award Defendants' attorney's fees, costs, and disbursements, Defendants also argue that Plaintiffs' explanation for dismissal is improper.

(citing *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005)).  It is error for a district court to dismiss an action without first addressing whether the motion is an improper forum-shopping measure.  *Id.* at 215.

The purpose of Rule 41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).  The party opposing voluntary dismissal "must be able to demonstrate some plain legal prejudice flowing to [it] as a result of the dismissal."  *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979) (citation omitted).  "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit."  *Paulucci*, 826 F.2d at 782.  When a plaintiff seeks dismissal of its own claims with prejudice, the request is typically granted.  *Charles Alan Wright et al., Fed. Prac.& Pro.* § 2367 at 551 (3d ed. 2008).

Plaintiffs, one of whom is 86 years old, assert that the health, emotional, and economic toll of this lawsuit has proven too great for them to continue pursuit of their claims.[5]  (Pl. Memo. at 6-7; *see also* Doc. No. 95 ("Reply") at 8-11.)  Plaintiffs further assert that their request for voluntary dismissal is appropriate because it will not result in a waste of judicial time and effort when their request is for dismissal with prejudice.  (Pl. Memo. at 7; Reply at 7.)  Finally, Plaintiffs argue that Defendants will not suffer prejudice if the Court grants their Motion because Plaintiffs moved to dismiss prior to incurring the considerable cost of conducting depositions, Defendants have no

---

[5]  Plaintiffs specifically cite ill health, a family tragedy, and limited financial recourses in part due to the Spanish lawsuit.  (Pl. Memo. at 6-7; Reply at 8-11.)

4

counterclaims or pending motions, and dismissal with prejudice will prevent any future litigation on these matters in American courts. (Pl. Memo. at 7-8; Reply at 7-8.)

Defendants assert that Plaintiffs' stated reasons for seeking voluntary dismissal are belied by Plaintiffs' continued pursuit of the Spanish Lawsuit, and that Plaintiffs are lying to the Court to avoid being exposed as frauds who pursued baseless claims. (Def. Opp. At 8-11.) Defendants also argue that because they have no assurance that Plaintiffs will forego the Spanish Lawsuit or commence a separate lawsuit in Venezuela, Plaintiffs' Motion is "functionally" a request for dismissal without prejudice and they remain subject to ongoing, multiplicative litigation with Plaintiffs. (*Id.* at 7-8.)

After a careful review of the parties' submissions, including their supporting declarations and affidavits, their respective oral arguments, and all other records and proceedings before it, the Court concludes that Plaintiffs' stated reasons for seeking voluntary dismissal of their claims are not improper or an attempt to defraud the Court. Moreover, because Plaintiffs request dismissal with prejudice, the Court finds that dismissal will not waste judicial time or resources and that the Motion is not an attempt to gain a more favorable forum. Finally, the Court finds that Defendants will suffer no legal prejudice from dismissal with prejudice of Plaintiffs' claims.[6] Thus, the Court grants Plaintiffs' Motion.

---

[6] Defendants do not specify how dismissal with prejudice will cause them to suffer prejudice in foreign litigation and the Court declines to speculate. Even if Defendants did present a specific argument, the Court has already stated that "[it] does not believe that Rule 41(a)(2) permits the Court to look to the potential actions of litigants not before this Court." *Ferrari v. Best Buy Co., Inc.*, Civ. No. 14-2956 (DWF/FLN), 2016 WL 5508818,

**II.     Attorney Fees**

A court may condition a voluntary dismissal on the payment of attorney fees. *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984). However, the Eighth Circuit does not require a district court to award attorney fees, especially when a case has not progressed much beyond initial stages. *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 729 (8th Cir. 2014). Additionally, there is no Eighth Circuit precedent for an attorney-fee condition when dismissal is with prejudice.

Other Circuits have similarly held that an attorney-fee condition is appropriate only when a case is dismissed without prejudice. *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir.1985) ("Fees are not awarded [under Rule 41(a)(2)] when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again." (internal quotations omitted)); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (holding that attorney fees are not proper under Rule 41(a)(2) where the dismissal is with prejudice).

At least three Circuits, though, have observed that in certain exceptional circumstances, attorney fees may be proper in dismissals with prejudice. *See, e.g.*, *Colombrito v. Kelly*, 764 F.2d 122 at 134-35 (2d Cir. 1985) (finding that an award of attorney's fees and costs is "not ordinarily paired with a dismissal with prejudice" absent exceptional circumstances); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("[W]e continue to adhere to the rule that a defendant may not recover attorneys'

---

at *5 (D.Minn. Sept. 28, 2016). Here, Defendants have presented no potential legal prejudice resulting from dismissal of Plaintiffs' claims. *Hoffmann*, 596 F.2d 822 at 823.

6

fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances."); *Carroll v. E One Inc.*, 893 F.3d 139, 149 (3d Cir. 2018) ("We conclude, in step with our colleagues on the Second and Tenth Circuits, that although attorneys' fees and costs should not typically be awarded in a Rule 41(a)(2) dismissal with prejudice, exceptional circumstances may sometimes warrant granting such an award.") For example, fees might be appropriate "when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Aerotech Inc.*, 110 F.3d 1523 at 1528.

As discussed above, Defendants argue that Plaintiffs' Motion is functionally a dismissal without prejudice because Defendants remain subject to foreign litigation. (Def. Opp. at 7-8.) Defendants thus contend that their request for attorney's fees, costs, and disbursements is an appropriate condition of dismissal. (*Id*.) Defendants further argue that the condition is appropriate because they are entitled to redress for the harm they suffered from this lawsuit when Plaintiffs lacked a good-faith basis to assert their claims. (Def. Memo. at 9-11.) Defendants also assert that Plaintiffs' "pretextual reasons for dismissal is sufficiently vexatious" for the Court to condition dismissal with prejudice on payment of Defendants' attorney's fees. (*Id.* at 11.) The Court disagrees.

First, the Court declines to construe Plaintiffs' Motion as a request for dismissal without prejudice. The Court recognizes Defendants' frustration that they remain subject to the Spanish Lawsuit; however, the Court does not find current or future foreign

7

litigation relevant to a Rule 41(a)(2) analysis.[7]  Moreover, there is no Eighth Circuit precedent for imposing attorney's fees and costs as a condition for voluntary dismissal with prejudice.  While other Circuits have considered the condition under exceptional circumstances, the Court finds that no such circumstances exist here.  As discussed above, the Court finds no basis to conclude that Plaintiffs' stated reasons for dismissal are improper or an attempt to defraud the Court.  Moreover, the Court finds no indication that Plaintiffs vexatiously inflicted substantial litigation costs on Defendants or the judicial system.  Without Eighth Circuit precedent or exceptional circumstances, the Court declines to condition Plaintiffs' voluntary dismissal with prejudice on payment of Defendants' attorney's fees, costs, or disbursements.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' motion for voluntary dismissal with prejudice without condition.

---

[7]     Even if the Court were to construe Plaintiffs' Motion as a dismissal without prejudice, it would still find that a fee award is inappropriate.  While this case commenced nearly three years ago, it was largely delayed for at least one year because of a worldwide pandemic.  The other two years were consumed by Defendants' motion to dismiss, which the Court denied, and other disputes over discovery.  Moreover, Plaintiffs moved to voluntarily dismiss their claims prior to incurring the costs of depositions.  Finally, as discussed above, the Court finds that Plaintiffs present a proper explanation for dismissal.  In short, based on the time and effort of the parties, and the stage to which this case progressed, the Court finds that awarding attorney fees and costs is inappropriate whether or not dismissal is with prejudice.  *Mullen*, 770 F.3d at 729.

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Voluntarily Dismiss Complaint with Prejudice pursuant to Fed. R. Civ. P. 41(a)(1) (Doc. No. [82]) is **GRANTED**.

2. Plaintiffs' Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 23, 2021                             s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge